**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION**

| | | |
|---|---|---|
| Poly-Med, Inc., | ) | Civil Action No. 8:15-cv-01964-JMC |
| Plaintiff, | ) | |
| v. | ) | **ORDER AND OPINION** |
| Novus Scientific Pte Ltd., Novus Scientific, Inc., and Novus Scientific AB, | ) | |
| Defendants. | ) | |

This matter is before the court pursuant to Plaintiff's motion to strike Defendants' amended counterclaims, (ECF No. 160), and Plaintiff's motion for leave to amend and supplement Plaintiff's amended complaint, (ECF No. 167). For the reasons below, the court **DENIES** Plaintiff's motion to strike Defendants' amended counterclaims, (ECF No. 160), and **GRANTS** Plaintiff's motion for leave to amend and supplement Plaintiff's amended complaint, (ECF No. 167).

## I. FACTUAL AND PROCEDURAL BACKGROUND

For the relevant background to this litigation, the court incorporates the findings of its December 7, 2016 Findings of Fact, Conclusions of Law, and Order and Opinion Denying Poly-Med's Motion for Preliminary Injunction. (ECF No. 154.) As such, the court will only recite such factual and procedural background as is necessary for ruling on the instant motions.

On November 22, 2016, the court granted Plaintiff's motion to amend/correct Plaintiffs complaint and ordered Plaintiff to file its amended complaint by December 1, 2016 (ECF No. 149), which was the date, agreed to by the parties and the court in the amended scheduling order, at which "[m]otions to . . . amend the pleadings" were due, (ECF No. 96). Plaintiff submitted its

1

amended complaint on November 29, 2016. (ECF No. 153.) In the amended complaint, Plaintiff made a number of changes, most notably by asserting claims pursuant to the Defend Trade Secrets Act of 2016, (id. at 33), and asserting claims of false advertising and/or misrepresentation in commercial advertising or promotion under the Lanham Act in Count IX, (id. at 32).

Defendants' responsive pleading to the amended complaint was originally due on December 16, 2016, but by mutual agreement the parties extended the due date to December 27. (ECF No. 160-1 at 2.) On that date, Defendants filed their answer, affirmative and other defenses, and counterclaims. (ECF Nos. 157 & 158.) Most relevant to this order, Defendants alleged a new manner in which Plaintiff breached the contract. (Id. at 66-67.) On July 13, 2017, Plaintiff filed a motion to strike Defendants' amended counterclaims, (ECF No. 160), to which Defendants filed a response in opposition, (ECF No. 162).

On April 4, 2017, Plaintiff filed a motion for leave to amend and supplement the amended complaint. (ECF No. 167.) In the motion, Plaintiff requested leave of the court to withdraw without prejudice certain claims from the amended complaint. (Id. at 3-4.) Plaintiff also sought to supplement the amended complaint by alleging "ownership of a patent issued in the United States on February 14, 2017 along with corresponding patents in other countries." (Id. at 4.) Defendant filed a timely response on April 24, 2017 (ECF No. 169), and Plaintiff filed a reply in support of the motion on May 1, 2017, (ECF No. 173).

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 15(a), provides that "[t]he court should freely give leave [to amend a pleading] when justice so requires." Rule 16(b), instructs that "[a] schedule may be modified only for good cause and with the judge's consent." When a party seeks to file

amendments to a pleading after a scheduling order deadline, courts subject those amendments to a two-step analysis. Dilmar Oil Co. v. Federated Mut. Ins. Co., 986 F. Supp. 959, 980 (D.S.C. Mar. 25, 1997). First, "a movant must . . . demonstrate to the court that it has a 'good cause' for seeking modification of the scheduling deadline under Rule 16(b). If the movant satisfies Rule 16(b)'s 'good cause' standard, it must *then* pass the requirements for amendment under Rule 15(a)." Id. (emphasis in the original) (internal quotations omitted).

## III. ANALYSIS

### A. Plaintiff's Motion to Strike Defendants' Amended Counterclaims

Plaintiff requests in its first motion that the court strike Defendants' amended counterclaims in ECF Nos. 157 and 158. (ECF No. 160 at 1.) Plaintiff argues that Defendants filed the amended counterclaims after the deadline agreed to by the parties in the Amended Conference and Scheduling Order and thus required either leave of the court or Plaintiff's consent to amend the counterclaims. (Id. at 5-8.) Furthermore, Plaintiff argues that, were the court to consider a motion by Defendants to file amended counterclaims, the court should deny the motion because Defendants "cannot show good cause for not seeking leave to amend before the deadline set forth in the Scheduling Order." (Id. at 8.)

Defendants in response argue that the amended counterclaims were properly filed because leave of the court is not required when a party amends counterclaims in response to an amended complaint, if those changes are proportional to the other party's changes. (ECF No. 162 at 3.) In the alternative, Defendant asks the court to grant Defendant leave to amend "because Defendants satisfy the burden of showing good cause for leave to amend." (Id. at 12.)

Whether a party requires leave of the court to amend counterclaims responding to an amended complaint appears to be a matter of first impression for this court. It also appears that

"no appellate court has squarely addressed [the issue], and the district courts are divided on [it]." Activevideo Networks, Inc. v. Verizon Comms., Inc., 2011 WL 13113382, at *3 (E.D. Va. Mar. 1, 2011). Three distinct approaches to determining the issue have arisen among the district courts. Id. Because in the Fourth Circuit, courts "have routinely adopted and applied the 'moderate' approach" (id. (collecting cases)), and the "moderate approach" has found favor with respected commentators, (see 3-15 Moore's Federal Practice - Civil § 15 .17 (2017)), this court will adopt the moderate approach.

The moderate approach provides that "an amended response may be filed without leave only when the amended complaint changes the theory or scope of the case, and then, the breadth of the changes in the amended response . . . reflect the breadth of the changes in the amended complaint. ActiveVideo Networks, 2011 WL 13113382, at *3. Thus, if Plaintiff's amended complaint here broadened the scope or theory of the case and Defendant's amended counterclaims were proportional, Defendant did not require leave of the court to file the amendments.

The first step of the test requires the court to look at the amended complaint to determine whether the amendments "change[] the scope or theory of the case." Id. Plaintiff here added two new causes of action in the amended complaint, one for a claim under the Defend Trade Secrets Act of 2016, (id. at 33), and one asserting claims of false advertising and/or misrepresentation in commercial advertising or promotion pursuant to the Lanham Act in Count IX, (id. at 32). By adding new causes of action, Plaintiff broadened the scope of the case.[1]

The second step is to determine whether "the breadth of the changes in the amended

---

[1] The court notes that Plaintiff has since moved to withdraw these claims, and the court in this order is granting that motion. However, the court determines that Plaintiff's later motion to withdraw the claims will not affect how the court views the scope of Defendants' amended counterclaims.

response . . . reflect the breadth of the changes in the amended complaint." ActiveVideo 2011 WL 13113382, at *3. "This breadth requirement is one of proportionality and it does not require the changes to the response to be directly tied to the changes in the amended complaint." Va. Innovation Scis. Inc. v. Samsung Elecs. Co., 11 F. Supp. 3d 622, 633 (E.D. Va. 2014). The most significant change that Defendants made was the addition of language to their first breach of contract action. Specifically, Defendants added language to paragraph 69 alleging a new manner in which Plaintiff had breached the Sale of Materials and License Agreement.[2] (ECF Nos. 157 & 158 at 66-67.) While the court determines that Defendants did indeed broaden the scope or theory of the case, the court concludes that, at the very least, "the breadth of the changes in the amended response . . . reflect the breadth of the changes in the amended complaint." ActiveVideo 2011 WL 13113382, at *3. Because the amendments in the amended counterclaims are proportional to the changes in the amended complaint, and because Defendants filed the response in a timely manner, the court concludes that Defendants did not require leave of the court to file the amended counterclaims.[3]

For the foregoing reasons, the court **DENIES** Plaintiff's motion to strike Defendants' amended counterclaims. (ECF No. 160.)

---

[2] Defendants alleged that Plaintiff breached the contract by:

> improperly selling, donating, otherwise transferring, or licensing or granting rights in or to mesh (including but not limited to its chemical composition or manufacturing processes) to one or more third parties without the prior written consent of Novus Sweden and/or Novus Singapore, improperly publishing (and/or allowing to be published) and/or disclosing (and/or allowing to be disclosed) information in connection with the subject matter of the Sale of Materials and License Agreement, the chemical composition, manufacturing processes, and/or 'POLY-MED Know-How employed to create, develop or manufacture' mesh.

(ECF Nos. 157 & 158 at 66-67.)

[3] The court notes that Defendants sought approval from Plaintiff for an extension of the deadline to respond to the amended complaint, and Plaintiff agreed to the extension. (ECF No. 160-1.)

**B. Plaintiff's Motion for Leave to Amend and Supplement the Amended Complaint**

In Plaintiff's second motion, Plaintiff asks leave of the court to "dismiss certain claims and causes of action without prejudice." (ECF No. 167 at 2.) Specifically, Plaintiff has sought to withdraw:

> (1) its claims in Counts I, II and III of the Amended Complaint that the Defendants breached the agreement by disclosing Poly-Med's confidential information including its trade secrets; (2) Count VII alleging misappropriation of trade secrets in violation of S.C. Code § 39-8-10, *et seq*.; (3) Count VIII alleging misappropriation of trade secrets in violation of the Defend Trade Secrets Act of 2016 (18 U.S.C. § 1832, *et seq*.); and (4) Count IX alleging false advertising and/or misrepresentation in commercial advertising or promotion in violation of Section 43(a) of the Lanham Act.

(Id. at 3-4.) Furthermore, Plaintiff requests leave of the court "to supplement its Amended Complaint to allege ownership of a patent issued in the United States on February 14, 2017 along with corresponding patents in other countries." (Id. at 4.)

Defendants reply that Plaintiff is "unable to demonstrate good cause under Rule 16(b)" for filing the motion after the scheduling order deadline and that Plaintiff's motion "is tainted by bad faith, undue prejudice to Defendants, futility, and unfair delay." (ECF No. 169 at 1.) Furthermore, Defendants argue that Plaintiff's motion to file a supplemental claim should be denied because the claim is barred by the statute of limitations. (Id.)

**1. Plaintiff's motion to withdraw certain claims from the amended complaint**

In Plaintiff's motion, Plaintiff originally sought "to withdraw certain claims and causes of

action without prejudice. . . ." (ECF No. 167 at 1.) Defendants objected to such a withdrawal, arguing that "Defendants deserve a ruling on the merits *or to be freed from these claims, with prejudice*." (ECF No. 169 at 13.) In its reply, Plaintiff stated that, "because [Plaintiff] is entirely confident it will prevail on the contract claims that are at the heart of this litigation, [Plaintiff] is willing to accept withdrawal of the Claims Being Withdrawn with prejudice." (ECF No. 173 at 5.) Because the court finds that neither party objects to the claims being withdrawn with prejudice, the court **GRANTS** Plaintiff's motion to withdraw the claims with prejudice. (ECF No. 167.)

### 2. Plaintiffs motion to supplement the amended complaint

Plaintiff also seeks to supplement the amended complaint "to allege ownership of a patent issued in the United States on February 14, 2017 along with corresponding patents in other countries." (ECF No. 167 at 4.) Defendants object and argue that the court should deny the motion to supplement because the claim is futile and frivolous. (ECF No. 169 at 14.)

A motion to supplement pleadings is covered by Rule 15(d), which provides that, "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." The Fourth Circuit looks favorably on Rule 15(d)'s furtherance of judicial economy. See Franks v. Ross, 313 F.3d 184, 198 (4th Cir. 2002) ("Various courts have concluded that requiring [a] plaintiff to go through the needless formality and expense of instituting a new action when events occurring after the original filing indicated he had a right to relief [is] inconsistent with the philosophy of the federal rules."). Though a "supplemental pleading differs from an amended pleading because it relates to matters occurring subsequent to the filing of the initial complaint," both are similar in that "leave should be freely

granted, and should be denied only where good reason exists . . ., such as prejudice to the defendants." Id. at 199 n.15.

Because a supplemental claim is not an "amendment," it is not governed by the standards set forth in Rule 16(b) for amendments filed after a scheduling order deadline. See Ohio Valley Envtl. Coalition v. U.S. Army Corps of Eng'rs, 243 F.R.D. 253, 256 (D. W. Va. 2007) ("Rule 16 does not require courts to set a deadline for supplemental pleadings . . . . Accordingly, Fed. R. Civ. P. 16(b) is inapplicable in this matter and Plaintiffs need not demonstrate good cause in order to supplement their Complaint."). This means that a party seeking to supplement a complaint does not need to show "good cause" to do so. Id.

However, despite the liberal policy behind allowing supplemental claims, motions to supplement are not automatically allowed, and are instead governed by the same standards that courts use to determine whether a motion to amend a pleading should be granted. See, e.g., Quirk v. Stephens, 2017 U.S. Dist. LEXIS 84760, at *10 (E.D.N.C. June 2, 2017); Nazarova v. Duke Univ., 2017 U.S. Dist. LEXIS 29478, at *22 (M.D.N.C. Mar. 2, 2017). The Fourth Circuit has "interpreted Rule 15(a) to provide that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." Laber, 438 F.3d at 426 (citing Foman, 371 U.S. at 182). The Fourth Circuit has also stated that prejudice to the opposing party is the most important factor in the determination. Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980) ("[A]bsence of prejudice, though not alone determinative, will normally warrant granting leave to amend.") The court will thus allow the supplemental pleading unless the claim would prejudice Defendants, Plaintiff filed it in bad faith, or the claim would be futile.

Defendants have argued neither prejudice nor bad faith, and instead have chosen to focus

all of their litigatory firepower on the issues of futility and frivolity. In the absence of arguments on the matter, the court finds it sufficient to note that there is no evidence that Plaintiff has filed the motion in bad faith. Furthermore, the court does not find any resulting prejudice to the opponent, as the mere addition of claims, though it will likely add to the burdens of discovery, is not, without more, prejudicial to the opposing party. See Scott v. Family Dollar Stores, Inc., 733 F.3d 105, 188-9 (4th Cir. 2013) (stating that "although prejudice can result where a new legal theory is alleged if it would entail additional discovery and evidentiary burdens on the part of the opposing party, this basis for a finding of prejudice essentially applies where the amendment is offered shortly before or during trial"). Moreover, the deadlines for both discovery and dispositive motions are not for another six months. (ECF No. 176.) The court thus finds no prejudice to the opposing party here, and will move on to whether Plaintiff's claims are futile and/or frivolous.

A claim is futile if it would not survive a Rule 12(b)(6) motion. See Rush v. Am. Home Mortg., Inc., 2010 U.S. Dist. LEXIS 33630, at *8 (D. Md. Apr. 6, 2010) ("Futility arguments are governed by the same standard as a Rule 12(b)(6) motion to dismiss for failure to state a claim.") (citing Perkins v. United States, 55 F.3d 910, 917 (4th Cir. 1995)). "A court may grant a 12(b)(6) motion on statute of limitations grounds only 'if the time bar is apparent on the face of the complaint.'" Semenova v. Md. Transit Admin., 845 F.3d 564, 567 (4th Cir. 2017) (quoting Dean v. Pilgrim's Pride Corp., 395 F.3d 471, 474 (4th Cir. 2005)). The pleading itself is the only relevant evidence a court may consider when determining whether a claim is time-barred pursuant to a 12(b)(6) motion. See Waugh Chapel South, LLC v. United Food & Commer. Workers Union Local 27, 728 F.3d 354, 360 (4th Cir. 2013) ("[M]uch of the relevant evidence that the district court considered . . . consisted of materials the parties appended as part of the

Rule 12(b)(6) motion to dismiss, which is not a pleading."); see also Goodman v. PraxAir, Inc., 494 F.3d 458, 464 (4th Cir. 2007) ("[I]n the relatively rare circumstances where facts sufficient to rule on an affirmative defense [that a claim is time-barred] are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6). This principle only applies, however, if all facts necessary to the affirmative defense clearly appear[] <u>on the face of the complaint</u>.") (emphasis in the original) (internal citations and quotations omitted).

Defendants argue that Plaintiff's breach of contract claim is futile because the statute of limitations has passed. (ECF No. 169 at 15.) In South Carolina, a breach of contract claim is governed by a 3-year statute of limitations, and, in certain situations, is modified by the "discovery rule," under which the "statute of limitations [only] begins to run from the date the injured party either knows or should know, by the exercise of reasonable diligence, that a cause of action exists for the wrongful conduct." <u>Wellin v. Wellin</u>, 2014 U.S. Dist. LEXIS 7686, at *8-9 (D.S.C. Jan. 22, 2014) (quoting <u>True v. Monteith</u>, S.E.2d 615, 616 (S.C. 1997)).

Nothing on the face of Plaintiff's complaint shows that Plaintiff had discovered the breach of contract with respect to the patent at issue before the patent was issued in February. While evidence outside the pleadings may later be introduced in a summary judgment motion that may show that the claim is time-barred, the time bar is not "apparent on the face of the complaint." <u>Semenova</u>, 845 F.3d at 567. As such, the claim could not be dismissed in a 12(b)(6) motion on a statute of limitations basis. Because the claim could not be dismissed in a 12(b)(6) motion, the motion to supplement cannot be denied on futility grounds. Similarly, there is nothing on the face of Plaintiff's complaint that convinces the court that the claim is frivolous.

Because the court has concluded that Plaintiff's claim is neither frivolous, futile, nor would it prejudice Defendants, the court **GRANTS** Plaintiff's motion to supplement the

amended complaint. (ECF No. 167.)

## IV. CONCLUSION

For the foregoing reasons, the court **DENIES** Plaintiff's motion to strike Defendants' amended counterclaims, (ECF No. 160), and **GRANTS** Plaintiff's motion to amend and supplement the amended complaint, (ECF No. 167). The court **DIRECTS** Plaintiff to file its second amended complaint on or before Thursday, July 13, 2017.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

July 6, 2017
Columbia, South Carolina