IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| POLY-MED, INC., | Civil Action No.: 8:15-cv-01964-JMC |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| NOVUS SCIENTIFIC PTE. LTD, NOVUS SCIENTIFIC, INC. and NOVUS SCIENTIFIC AB, | |
| Defendants. | |

Plaintiff Poly-Med, Inc. ("Poly-Med" or "PMI") filed this action seeking monetary damages, injunctive and equitable relief from Defendants Novus Scientific Pte. Ltd. ("Novus Singapore"), Novus Scientific, Inc. ("Novus USA"), and Novus Scientific AB ("Novus Sweden") (collectively "Novus Defendants") as a result of alleged violations of the parties' business agreement. (ECF No. 181.)

This matter is before the court pursuant to Novus Defendants' Motion to Enforce the Court's April 24, 2018 Order and Opinion (ECF No. 252) (the "April Order") Pursuant to Rule 16(f) and, in the Alternative, for Summary Judgment Regarding PMI's Alleged "Know-How" Breach of Contract Claim. (ECF No. 271) Poly-Med opposes the Motion in its entirety. (ECF No. 291.) For the reasons set forth in detail below, the court **DENIES AS MOOT** Novus Defendants' Motion to Enforce the April Order and Motion for Summary Judgment.

I. RELEVANT BACKGROUND TO PENDING MOTION[1]

In the April Order, the court made the following observations in granting Novus

---

[1] The April Order contains a thorough recitation of the relevant factual and procedural background of the matter and is incorporated herein by reference. (*See* ECF No. 252 at 1–7.)

Defendants summary judgment on Poly-Med's "hernia only" and "patent application" breach of contract claims:

> While it does not appear that the specific issue of whether continuing breach is applicable under South Carolina law to extend the life of a breach of contract cause of action has been addressed by the South Carolina appellate courts, the court was able to locate decisions discussing the continuing breach theory. *Cf. Vieira v. Simpson*, No. 2:13-cv-2610-DCN, 2015 WL 1299959, at *7 n.7 (D.S.C. Mar. 23, 2015) ("Additionally, the court has also come up empty in its search for any South Carolina cases applying a continuing wrong theory to a tort claim."); *Anonymous Taxpayer v. S.C. Dep't of Revenue*, 661 S.E.2d 73, 81 (S.C. 2008) ("The circuit court gave two reasons for denying this argument: (1) because Appellant was alleging an impairment of contract action, not a breach of contract action, the statute of limitations began to run when any alleged contract was impaired by Act 189, not when Appellant was actually denied the exemption each year; and (2) the cause of action accrued when Act 189 was passed because at that point Appellant was put on notice that he had a cause of action. We agree with the circuit court that there is no continuing breach which would start a new limitations period because the cause of action arose with the enactment of Act 189."); *Maher v. Tietex Corp.*, 331 S.C. 371, 500 S.E.2d 204, 211 (S.C. Ct. App. 1998) ("The objective test in South Carolina's discovery rule is sufficient to allow plaintiffs the opportunity to discover and act upon the original breach, without need for application of the 'continuing wrong' doctrine in this situation.") (citation omitted); *Dillon Cty. Sch. Dist. No. Two v. Lewis Sheet Metal Works, Inc.*, 332 S.E.2d 555, 560–61 (S.C. Ct. App. 1985) ("As far as we can determine, the Supreme Court of this state has never applied, at least not in a case involving either negligence, breach of warranty, or strict liability, the so-called 'continuous treatment' exception to the general rule governing the accrual of a cause of action. We doubt if the Supreme Court would do so, especially since the 'discovery' rule is applicable in South Carolina and is itself an exception to the traditional rule of accrual. Indeed, our research discloses no case adopting the 'continuous treatment' exception where the 'discovery' rule is in effect.") (internal citations omitted); *but see Companion Prop. & Cas. Ins. Co. v. Wood*, C/A No. 3:17-cv-00514-CMC, 2017 WL 4168520, at *8 (D.S.C. Sept. 20, 2017) ("In response, Companion argues the obligations at issue are recurring obligations that were not waived by prior non-enforcement . . . In light of the limitations noted above, the court finds the contract-based claims are not barred by the statute of limitations, at least not on motion to dismiss.").
>
> Upon review of the foregoing, the court is persuaded that the South Carolina Supreme Court would conclude that because breach of contract claims in South Carolina are subject to the discovery rule, they are not subject to the continuing breach theory. *E.g.*, *CoastalStates Bank v. Hanover Homes of S.C., LLC*, 759 S.E.2d 152, 156 (S.C. Ct. App. 2014) ("The discovery rule applies to breach of contract actions.") (quoting *Prince v. Liberty Life Ins. Co.*, 700 S.E.2d 280, 282 (S.C. Ct. App. 2010)); *Maher*, 500 S.E.2d at 207 ("The discovery rule determines

2

the date of accrual for a breach of contract action. Pursuant to the discovery rule, a breach of contract action accrues not on the date of the breach, but rather on the date the aggrieved party either discovered the breach, or could or should have discovered the breach through the exercise of reasonable diligence.") (internal and external citations omitted). Accordingly, based on the evidence viewed in the light most favorable to Poly-Med, the court concludes that Poly-Med should have known through the exercise of reasonable diligence that its "hernia only" and "patent application" breach of contract claims existed in September 2010 and October 2010, respectively. However, Poly-Med did not file its "hernia only" and "patent application" breach of contract claims until May 8, 2015 (*see* ECF No. 1), almost five (5) years later. For this reason, the court finds that Novus Defendants are entitled to summary judgment on Poly-Med's "hernia only" and "patent application" breach of contract claims because these claims are barred by the three (3) year statute of limitations found in S.C. Code Ann. § 15-3-530(1) (2017).

(ECF No. 252 at 15–17.) Additionally, the court concluded that all nine of the following breaches alleged by Poly-Med fell into either the "hernia only" or "patent application" categories of claims (*id.* at 17 n.11):

> (1) promoting and selling hernia mesh for breast reconstruction; (2) manufacturing the mesh for breast reconstruction; (3) creating, manufacturing and selling a new mesh product for breast reconstruction; (4) filing patent applications on the mesh in their own name rather than Poly-Med's name; (5) assigning patents and patent applications from one Defendant to another; (6) prosecuting Poly-Med's name; (7) commercially exploiting patent applications and patents belonging to Poly-Med; (8) failing to transfer to Poly-Med patent applications, patents and know-how belonging to Poly-Med upon termination of the Agreement; and, (9) failing to turn over to Poly-Med all records and files regarding the maintenance and prosecution of patent applications and patents belonging to Poly-Med upon termination of the Agreement.

(ECF No. 216 at 1–2.)

On June 13, 2018, Novus Defendants filed the instant Motion seeking to enforce the April Order. (ECF No. 271.) Initially, Novus Defendants reiterate to Poly-Med that its "Know-How" breach of contract allegations related to the 2005 Agreement were also disposed of in the April Order. (*Id.* at 1.) More specifically, Novus Defendants assert that any such "Know-How" claims are also barred by the three-year statute of limitations for breach of contract actions in South Carolina. (*Id.* at 3–4 (citing S.C. Code Ann. § 15-3-530(1)).) "In the alternative, [Novus]

3

Defendants [] move for summary judgment on PMI's alleged 'Know-How' breach of contract claim on the grounds that the Court disposed of any such claim in its April 24 Order, PMI failed to plead any other 'Know-How' breach of contract claim in its Second Amended Complaint, and PMI voluntarily chose not to file a motion to amend its pleadings to add a 'Know-How' breach of contract claim that would be coextensive with the trade secret and confidential information claims already dismissed with prejudice." (*Id.* at 2.)

In response to Novus Defendants' Motion, Poly-Med asserts that Novus Defendants' arguments lack merit because it is seeking "equitable relief in the form of an order requiring the return of its know-how" (ECF No. 291 at 2), and "requiring that the Novus Entities comply with the provisions of the Agreement concerning termination." (*Id.* at 4.) Poly-Med asserts that the 2005 Agreement required Novus Defendants upon termination to "(1) turn over to Poly-Med all records and files within their possession, custody or control relating to the patents and patent applications with respect to the mesh and any improvements thereto; and, (2) return to Poly-Med any papers or other media containing 'POLY-MED Know-How or other POLY-MED Intellectual Property' and retain no copies." (*Id.* at 3 (citing ECF No. 75-2 at 11 ¶ 7(a), 22 ¶ 21(b)).) As a result of the foregoing, Poly-Med asserts that its "know-how" claim is active, has not been dismissed or ruled on by the court, and is unaffected by the statute of limitations. (*Id.* at 7–15.)

The court heard argument from the parties on this matter on August 9, 2018. (ECF No. 357.)

## II. JURISDICTION

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) based on Poly-Med's allegations that the action is between citizens of different states and/or countries and the

amount in controversy is in excess of $75,000.00, exclusive of interest and costs. (ECF No. 181 at 1 ¶ 1–2 ¶ 4 & 3 ¶ 11.) Specifically, Poly-Med alleges that it is a South Carolina corporation with its principal place of business in Anderson, South Carolina; Novus Singapore is a Singaporean corporation with its principal place of business in Singapore; Novus USA is a Delaware corporation with its principal place of business in San Diego, California; and Novus Sweden is a Swedish corporation with its principal place of business in Uppsala, Sweden. (*Id.*) In this regard, the court is satisfied that complete diversity exists between the parties and the amount in controversy is sufficient to confer jurisdiction upon the court.

### III.    LEGAL STANDARD

"Courts have inherent power to enforce their orders." *Hunt v. Enzo Biochem, Inc.*, 904 F. Supp. 2d 337, 344 (S.D.N.Y. 2012). "[T]he power of a court to make an order carries with it the equal power to punish for a disobedience of that order." *In re Debs*, 158 U.S. 564, 594 (1895). Rule 16(f)(1) of the Federal Rules of Civil Procedure authorizes sanctions under Rule 37(b)(2)(A)(ii)–(vii), including dismissal, "if a party or its attorney: . . . (C) fails to obey a . . . pretrial order." Fed. R. Civ. P. 16(f)(1)(C), 37(b)(2)(A). "Moreover, courts have inherent power to issue orders designed to correct wrongs committed through its process." *Hunt*, 904 F. Supp. 2d at 344 (citing *Arkadelphia Milling Co. v. St. Louis Sw. Ry. Co.*, 249 U.S. 134, 146 (1919) ("It is one of the equitable powers, inherent in every court of justice so long as it retains control of the subject-matter and of the parties, to correct that which has been wrongfully done by virtue of its process."); *In re Lafayette Radio Elec. Corp.*, 761 F.2d 84, 92–93 (2d Cir. 1985) ("[I]t is established that a federal court sitting in equity that has jurisdiction to issue a decree necessarily has ancillary and supplemental jurisdiction to enter orders and judgments designed to effectuate that decree . . . . [A]ncillary jurisdiction is recognized as part of a court's inherent power to

prevent its judgments and orders from being ignored or avoided with impunity.")).

## IV. ANALYSIS

Poly-Med argues that the attempt to get its "know-how" back by enforcing the post-termination provisions of the parties' Agreement "was not previously dismissed by Poly-Med and has not been decided by this Court through its April 24, 2018 Order and Opinion or otherwise." (ECF No. 291 at 2.) In this regard, Poly-Med asserts that its claims for breach of contract in no way encompass its "request for equitable relief in the form of a declaratory judgment that the Agreement is terminated and, if such declaration is granted, Poly-Med's yet-to-be-filed future request for a permanent injunction and/or specific performance of the termination provisions including the requirement that the Defendants return Poly-Med's know-how." (*Id.* at 8.)

Upon consideration of the foregoing and the entirety of the parties' arguments, the court observes that it is unable to conclude that Poly-Med is acting in defiance/disobedience of the April Order. The court reaches this conclusion based on Poly-Med's contention that its "know-how" claim is unrelated to its breach of contract claims and was not expressly addressed in the April Order. Because there is not any argument and/or evidence to the contrary, the court perceives that the instant Motion is moot since Poly-Med does not appear to be contesting either the April Order or its dismissal of the breach of contract claims at this time.

## V. CONCLUSION

Upon careful consideration of the entire record and the parties' arguments, the court hereby **DENIES AS MOOT** the Motion to Enforce the Court's April 24, 2018 Order and Opinion Pursuant to Rule 16(f) and, in the Alternative, for Summary Judgment Regarding PMI's Alleged "Know-How" Breach of Contract Claim of Defendants Novus Scientific Pte. Ltd.,

Novus Scientific, Inc. and Novus Scientific AB.  (ECF No. 271.)

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

August 21, 2018
Columbia, South Carolina