IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| POLY-MED, INC., | Civil Action No.: 8:15-cv-01964-JMC |
| Plaintiff, | |
| v. | |
| | **ORDER AND OPINION** |
| NOVUS SCIENTIFIC PTE. LTD, NOVUS SCIENTIFIC, INC. and NOVUS SCIENTIFIC AB, | |
| Defendants. | |

Plaintiff Poly-Med, Inc. ("Plaintiff") filed this action seeking monetary damages and equitable relief from Defendants Novus Scientific Pte. Ltd., Novus Scientific, Inc., and Novus Scientific AB (collectively "Defendants") as a result of alleged violations of the parties' business agreement. (ECF No. 181.)

This matter is before the court pursuant to Plaintiff's Motion for Summary Judgment (ECF No. 268). For the reasons set forth below, the court **DENIES IN PART**[1] Plaintiff's Motion for Summary Judgment (ECF No. 268) and **DISMISSES** Plaintiff's declaratory judgment action (*see* ECF No. 181 at 29).

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On May 8, 2015, Plaintiff commenced the present action against Defendants. (ECF No. 1.) Plaintiff filed its Second Amended Complaint on June 10, 2017, alleging breach of contract, tortious interference with contract, and violation of the South Carolina Unfair Trade Practices Act

---

[1] Plaintiff's summary judgment motion requests declaratory relief and addresses all of Defendants' counterclaims. (ECF No. 268.) Plaintiff's request for declaratory relief is the only subject of this Order.

1

("SCUTPA"), S.C. Code Ann. §§ 39-5-10 to -560 (2016). (ECF No. 181 at 14-29.) On August 29, 2017, Defendants filed their Answer, Affirmative and Other Defenses to the Second Amended Complaint and Amended Counterclaims, alleging breach of contract, intentional interference with existing contractual relations, business defamation, violation of SCUPTA, and conversion. (ECF Nos. 197 at 52-66, 198 at 52-63.) On October 5, 2017, Defendants moved for partial summary judgment on Plaintiff's breach of contract claims (ECF No. 209), which the court granted on April 24, 2018, as to Defendants' "hernia only" and "patent application" breach of contract claims. (ECF No. 252.) On June 4, 2018, Plaintiff filed a Motion for Summary Judgment on (1) "Plaintiff's claim for a declaration that the [Agreement] . . . is terminated" and (2) all of Defendants' counterclaims. (ECF No. 268 at 1.) Defendants submitted their Response in Opposition (ECF No. 290) on July 9, 2018. On July 23, 2018, Plaintiff filed its Reply in Support. (ECF No. 301.) The court heard argument from the parties on this matter on August 9, 2018. (ECF No. 357). On August 21, 2018, the court granted Plaintiff's summary judgment motion in part as to Defendants' tortious interference claim and granted Defendants' Summary Judgment Motion Regarding PMI's Tortious Interference Claims.[2] (ECF No. 404.)

The court adopts its prior recitation of the facts from its April 24, 2018 Order and Opinion (ECF No. 252) granting Defendants' Motion for Partial Summary Judgment on Plaintiff's hernia only and patent application breach of contract claims (ECF No. 209).

## II. JURISDICTION

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) based on Plaintiff's allegations that the action is between citizens of different states and/or countries and the amount in controversy is in excess of $75,000.00, exclusive of interest and costs. (ECF No. 181

---

[2] Defendants refer to Plaintiff as "PMI" in their filings.

at 1 ¶ 1–2 ¶ 4 & 3 ¶ 11.) Specifically, Plaintiff alleges it is a South Carolina corporation with its principal place of business in Anderson, South Carolina; Novus Scientific Pte. Ltd. is a Singaporean corporation with its principal place of business in Singapore; Novus Scientific, Inc. is a Delaware corporation with its principal place of business in San Diego, California; and Novus Scientific AB is a Swedish corporation with its principal place of business in Uppsala, Sweden. (*Id.*) In this regard, the court is satisfied complete diversity exists between the parties and the amount in controversy is sufficient to confer jurisdiction on this court.

### III. LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248–49 (1986). A genuine question of material fact exists where, after reviewing the record as a whole, the court finds a reasonable jury could return a verdict for the non-moving party. *Newport News Holdings Corp. v. Virtual City Vision*, 650 F.3d 423, 434 (4th Cir. 2011).

When ruling on a summary judgment motion, a court must view the evidence in the light most favorable to the non-moving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123–24 (4th Cir. 1990). The non-moving party may not oppose a summary judgment motion with mere allegations or denial of the movant's pleading, but instead must "set forth specific facts" demonstrating a genuine issue for trial. Fed. R. Civ. P. 56(e); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Anderson*, 477 U.S. at 252; *Shealy v. Winston*, 929 F.2d 1009, 1012 (4th Cir. 1991). All that is required to survive summary judgment is that "sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties'

differing versions of the truth at trial." *Anderson*, 477 U.S. at 249. "Mere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995).

## IV. ANALYSIS

On May 11, 2015, pursuant to section 20 of the 2005 Sale of Materials and License Agreement (the "Agreement"), Plaintiff sent Defendants a written notice of default of the Agreement, stating Defendants were

> (a) exceeding the scope of the license granted under the Agreement; (b) apply[ing] for, maintaining, prosecuting and assigning patents and patent applications in [Defendants'] own name; (c) failing to notify [Plaintiff] of such patent applications and failing to advise [Plaintiff] of the progress of all such applications, continuations, continuations-in-part or divisionals; (d) failing to consult with [Plaintiff] about the desired course of action with regard to patents and patent applications; and, (e) commercially exploiting such patents and patent applications.

(ECF No. 181 at 13-14 ¶ 81.) Plaintiffs allege Defendants did not cure the defaults within sixty days, as required by the Agreement. (*Id.* at 14 ¶ 83-84.) On July 16, 2015, again pursuant to section 20 of the Agreement, Plaintiff notified Defendants in writing that the Agreement would terminate on August 21, 2015. (*Id.* at ¶ 85.) Plaintiffs contend the Agreement terminated on August 21, 2015, because Defendants failed to cure their alleged defaults before that date. (*Id.* at ¶ 86-87.)

Plaintiff asserts that due to Defendants' alleged breaches of the Agreement, and alleged failure to cure those breaches within 60 days after the Notice of Default, Plaintiff had a right to terminate the Agreement according to the termination provisions within the document. (ECF No. 268-1 at 11-20.) As a result, Plaintiff contends it is entitled to summary judgment on Plaintiff's declaratory judgment action because there is no genuine dispute of material fact as to (1) whether Defendants breached the Agreement and (2) whether Plaintiff properly terminated the Agreement

under its provisions.  (*Id.*)  In Defendants' Opposition to Plaintiff's Motion for Summary Judgment, Defendants argue Plaintiff did not assert a claim for termination in its Complaint (ECF No. 181), but only requested termination in its prayer for relief, and cannot seek summary judgment on a remedy divorced from a claim as a whole.  (ECF No. 290 at 2.)

Initially, the court finds Plaintiff sufficiently plead its declaratory judgment action by requesting in Plaintiff's prayer for that the court declare the Agreement terminated.  (*See* ECF No. 181 at 27, 29 ¶ 11 ("[Plaintiff] respectfully requests that this [c]ourt . . . Issue an order declaring that the Agreement is terminated and requiring that [Defendants] comply with the provisions of the Agreement concerning termination.").)  Throughout this litigation, Plaintiff's characterization of its declaratory judgment action has vacillated between a remedial request and a claim of right.  (*See* ECF Nos. 181 at 29 ¶ 11, ECF No. 268.)  But, because declaratory judgment is a remedy, not an independent claim—discussed *infra*—the court finds it is sufficient to plead for declaratory judgment in the prayer for relief.  *See Bartlett v. Overslaugh*, 169 F. Supp. 3d 99, 110 (D.D.C. 2016) ("In general, a count for a declaratory judgment 'is not cognizable as a separate cause of action, but is more properly included in the [ ] prayer for relief.'" (quoting *Bridges v. Blue Cross & Blue Shield Ass'n*, 935 F. Supp. 37, 45 (D.D.C.1996))).  *See also* 22A Am. Jur. 2d Declaratory Judgments § 181 (2018) ("The character of a declaratory judgment action as legal or equitable is generally ascertained from the body of the complaint, but when necessary, resort may also be had to the prayer for relief and any other facts and circumstances which throw light upon the main purpose of the action.").  In Plaintiff's Second Amended Complaint, Plaintiff requested that the court declare that the Agreement is terminated (ECF No. 181 at 27, 29 ¶ 11), which the court finds is sufficient to commence a declaratory judgment action under the liberal pleading rules.  *See Ins. Servs. of Beaufort, Inc. v. Aetna Cas. & Sur. Co.*, 966 F.2d 847, 853 (4th Cir. 1992) ("An action

under the Declaratory Judgment Act is regarded as an 'ordinary civil action' subject to all of the Federal Rules of Civil Procedure.") *See also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."); *Gilbane Bldg. Co. v. Fed. Reserve Bank of Richmond, Charlotte Branch*, 80 F.3d 895, 900 (4th Cir. 1996) ("[U]nder Rule 8(a)(2) [of the Federal Rules of Civil Procedure], a 'statement of the claim' is sufficient 'so long as a plaintiff colorably states facts which, if proven, would entitle him to relief,' *Adams v. Bain*, 697 F.2d 1213, 1216 (4th Cir. 1982), and the claimant 'need not set forth any theory or demand any particular relief for the court will award appropriate relief if the plaintiff is entitled to it on any theory.' *New Amsterdam Casualty Co. v. Waller*, 323 F.2d 20, 24–25 (4th Cir. 1963).").

As previously stated, a declaratory judgment is a remedy, not a right or independent claim.[3] *See C&E Servs., Inc. of Wash. v. D.C. Water & Sewer Auth.*, 310 F.3d 197, 201 (D.C. Cir. 2002) ("[W]e begin with the well-established rule that the Declaratory Judgment Act 'is not an independent source of federal jurisdiction.' Rather, 'the availability of [declaratory] relief presupposes the existence of a judicially remediable right.'" (quoting *Schilling v. Rogers*, 363 U.S. 666, 677 (1960))); *Canipe v. Canipe*, No. 89-1506, 1990 WL 180118, at *2 (4th Cir. 1990) ("[T]here must be an independent basis for jurisdiction before declaratory relief may be sought under the Declaratory Judgment Act."); *Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 321, 323–24 (4th Cir. 1937) ("*[D]eclaratory judgment is a remedy*, much like an injunction, that a court may decline to order." (emphasis added)); *Univ. Gardens Apartments Joint Venture v. Johnson*, 419 F. Supp. 2d 733, 742 (D. Md. 2006) ("Neither the Declaratory Judgment Act nor Rule 65 [of the Federal Rules of Civil Procedure] provide a basis for an independent claim. Rather, they are available forms of relief, should the court otherwise have a valid cause of action before it."); *Di*

---

[3] The Federal Declaratory Judgment Act is even entitled "Creation of remedy." 28 U.S.C. § 2201.

*Loreto v. Chase Manhattan Mortg. Corp.*, No. 17-cv-05187-CW, 2017 WL 5569834, at *6 (N.D. Cal. Nov. 20, 2017) ("Plaintiffs may pursue declaratory and injunctive relief as remedies, not independent claims."); *Mach. Sols., Inc. v. Doosan Mach. Tool Am. Corp.*, No. 3:16-CV-02718-JMC, 2017 WL 1062522, at *3 (D.S.C. Mar. 21, 2017), *order amended on reconsideration*, No. 3:16-CV-02718-JMC, 2018 WL 661468 (D.S.C. Feb. 2, 2018) ("The Declaratory Judgment Act . . . is not an independent source of federal jurisdiction. 'It also does not create substantive rights; it is merely "a procedural device that enhances the remedies available" to plaintiffs in federal court.'" (quoting *Carolina Water Serv., Inc. v. McCarthy*, C/A No. 3:15-cv-04919-MBS, 2016 WL 5661699, at *10 (D.S.C. Sept. 29, 2016))).

Therefore, a prayer for declaratory relief must accompany a valid cause of action. *See Univ. Gardens Apartments Joint Venture*, 419 F. Supp. at 742 ("Neither the Declaratory Judgment Act nor Rule 65 provide a basis for an independent claim. Rather, they are available forms of relief, should the court otherwise have *a valid cause of action before it*." (emphasis added)); *Diamond Real Estate v. Am. Brokers Conduit*, No. 16-CV-03937-HSG, 2017 WL 412527, at *11 (N.D. Cal. Jan. 31, 2017) ("Moreover, [p]laintiffs' request for declaratory relief does not constitute an independent basis for recovery, and may not stand alone."); 141 Am. Jur. Trials 189 (2015) ("Actions for declaratory judgment are neither legal nor equitable claims, but are considered to be sui generis and must accompany the substantive claim for which the declaratory judgment is sought.").

Plaintiff did not explicitly specify which of its claims its declaratory judgment request was meant to accompany. (*See* ECF No. 181 at 29.) But, a "material, uncured default" was the only reason Plaintiff could terminate the Agreement. (ECF No. 181 at 14.) (*See also* ECF No. 268 at 10-11, 20; ECF No. 268-3 at 21-22.) In its summary judgment motion, Plaintiff asserts it is entitled

7

to summary judgment declaring the Agreement terminated because of Defendants' alleged breaches of the Agreement by (1) "exceeding the scope of the license granted under the Agreement" and (2) "fil[ing] and maintain[ing] patent application and patents in their own name," and failing to cure those alleged breaches. (ECF No. 268-1 at 10-11.) Accordingly, the court finds Plaintiff tied the fate of its declaratory judgment action to the fate of its hernia only and patent application breach of contract claims. *See Ayers v. Aurora Loan Services, L.L.C.*, 787 F. Supp. 2d 451, 457 (E.D. Tex. 2011) ("Where all the substantive, underlying claims have been dismissed, a claim for declaratory judgment cannot survive."); *Fid. Nat'l Title Ins. Co. v. Barringer Land SC, LLC*, No. 2:13-CV-69, 2014 WL 12594206, at *7 (N.D.W. Va. Mar. 17, 2014) ("As the [c]ourt has found that Barringer may not maintain a claim against Northwest for breach of contract, accordingly, it may not maintain a claim for declaratory judgment under the agreement.").

The fate of Plaintiff's hernia only and patent application breach of contract claims has already been decided: this court granted Defendants' Partial Summary Judgment Motion on those claims on April 24, 2018, finding they were barred by the statute of limitations under South Carolina law. (ECF No. 209.) The United States Court of Appeals for the Fourth Circuit, and many of her sister circuits, have found that claims for declaratory relief are governed by the period of limitations applicable to the substantive claims underlying the action. *See Gatto v. Meridian Med. Assocs., Inc.*, 882 F.2d 840, 842 (3d Cir. 1989) ("The First, Sixth, Ninth[,] and Tenth Circuit Courts of Appeals have all held that an action for declaratory relief will be barred to the same extent the applicable statute of limitations bars the concurrent legal remedy."); *Lawrence v. Cooper*, 398 F. App'x 884, 887 n.2 (4th Cir. 2010) ("The statute of limitations bars Lawrence's claims for both declaratory and injunctive relief, and the district court did not abuse its discretion in failing to address Lawrence's claims for declaratory relief after finding his action time-barred

by the applicable statute of limitations."); *Int'l Ass'n of Machinists & Aerospace Workers v. Tenn. Valley Auth.*, 108 F.3d 658, 668 (6th Cir. 1997) ("'Because a declaratory judgment action is a procedural device used to vindicate substantive rights, it is time-barred only if relief on a direct claim would also be barred.' *Stone v. Williams*, 970 F.2d 1043, 1048 (2d Cir.1992) . . . . A contrary rule would allow a plaintiff to 'mak[e] a mockery of the statute of limitations by the simple expedient of creative labelling.' *Gilbert v. City of Cambridge*, 932 F.2d 51, 57 (1st Cir.[1991]) . . . ."). Accordingly, because the court has already found Plaintiff's hernia only and patent application breach of contract claims are time-barred, so to must it find Plaintiff's declaratory judgment action.

## V. CONCLUSION

Upon careful consideration of the entire record, regarding Plaintiff's request for a declaratory judgment that the Agreement is terminated, the court hereby **DENIES IN PART** Plaintiff's Motion for Summary Judgment (ECF No. 268) and **DISMISSES** Plaintiff's declaratory judgment action.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

August 27, 2018
Columbia, South Carolina

9