IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| POLY-MED, INC., | Civil Action No.: 8:15-cv-01964-JMC |
| Plaintiff, | |
| v. | |
| | **ORDER AND OPINION** |
| NOVUS SCIENTIFIC PTE. LTD, NOVUS SCIENTIFIC, INC. and NOVUS SCIENTIFIC AB, | |
| Defendants. | |

Plaintiff Poly-Med, Inc. ("Plaintiff") filed this action seeking monetary damages and equitable relief from Defendants Novus Scientific Pte. Ltd., Novus Scientific, Inc., and Novus Scientific AB (collectively "Defendants") as a result of alleged violations of the parties' business agreement. (ECF No. 181.)

This matter is before the court pursuant to Plaintiff's Motion for Summary Judgment (ECF No. 268) on Defendants' claim Plaintiff violated the South Carolina Unfair Trade Practices Act. For the reasons set forth below, the court **GRANTS IN PART**[1] Plaintiff's Motion for Summary Judgment (ECF No. 268).

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The court adopts its prior recitation of the facts from its April 24, 2018 Order and Opinion (ECF No. 252) granting Defendants' Motion for Partial Summary Judgment (ECF No. 209) on Plaintiff's hernia only and patent application breach of contract claims. As brief background, in

---

[1] Plaintiff's summary judgment motion addresses all of Defendants' counterclaims. (ECF No. 268.) Defendants' cause of action under the South Carolina Unfair Trade Practices Act is the only subject of this order.

1

June 2005, Plaintiff and Radi Medical Systems AB ("Radi AB"), a Swedish corporation in Uppsala, Sweden, entered into a Sale of Materials and License Agreement (the "Agreement") for the development and manufacture of Absorbable Composite Meshes. (ECF No. 181 at 4-5.) Pursuant to this Agreement, Plaintiff manufactured and Defendants developed and sold TIGR®Matrix Surgical Mesh ("TIGR®Mesh"). (*Id.* at 9 ¶ 42-46.) In December 2008, Radi AB assigned the Agreement to Novus Scientific Pte. Ltd. or Novus Scientific, Inc., which own subsidiaries Novus Scientific AB and Novus Scientific, Inc. (*Id.* at ¶ 19-20).

On May 8, 2015, Plaintiff commenced the present action against Defendants. (ECF No. 1.) On and after March 2 and 3, 2016, Plaintiff sent letters to Defendants' current and former distributors throughout the world who sell and/or use TIGR® Mesh (ECF Nos. 197 at 49 ¶ 60, 51 ¶ 68), stating

> As a result of [Defendants'] breaches of the [Agreement], [Defendants'] license has been terminated. [Defendants] [are] no longer permitted to sell, distribute, manufacture or use TIGR® Mesh. [Defendants'] breaches of the [Agreement] are now the subject of litigation in the United States District Court for the District of South Carolina . . . .
>
> Any purchase by you of TIGR® Mesh from [Defendants] and your subsequent use or resale thereof is a violation of [Plaintiff]'s rights. [Plaintiff] demands that you immediately cease and desist from making any further purchase of TIGR® Mesh from [Defendants].

(ECF No. 290-46 at 1.)

Plaintiff filed its Second Amended Complaint on June 10, 2017, alleging breach of contract, tortious interference with contract, and violation of the South Carolina Unfair Trade Practices Act ("SCUTPA"), S.C. Code Ann. §§ 39-5-10 to -560 (2016). (ECF No. 181 at 14-29.) On August 29, 2017, Defendants filed their Answer, Affirmative and Other Defenses to the Second Amended Complaint and Amended Counterclaims, alleging breach of contract, intentional interference with existing contractual relations, business defamation, violation of SCUPTA, and

conversion. (ECF Nos. 197 at 52-66, 198 at 52-63.) On October 5, 2017, Defendants moved for partial summary judgment on Plaintiff's breach of contract claims (ECF No. 209), which the court granted on April 24, 2018, as to Plaintiff's "hernia only" and "patent application" breach of contract claims (ECF No. 252.) On June 4, 2018, Plaintiff filed a Motion for Summary Judgment on (1) "Plaintiff's claim for a declaration that the [Agreement] . . . is terminated" and (2) all of Defendants' counterclaims. (ECF No. 268 at 1.) Defendants submitted their Response in Opposition on July 9, 2018. (ECF No. 290.) On July 23, 2018, Plaintiff filed its Reply in Support. (ECF No. 301.) The court heard argument from the parties on this matter on August 9, 2018. (ECF No. 357). On August 21, 2018, the court granted Plaintiff's summary judgment motion in part as to Defendants' tortious interference claim and granted Defendants' Summary Judgment Motion Regarding PMI's Tortious Interference Claims.[2] (ECF No. 404.) On August 27, 2018, the court denied Plaintiff's summary judgment motion in part as to Plaintiff's declaratory judgment action because declaratory judgment is a remedy that must accompany a valid cause of action. (ECF No. 412.) The causes of action for which Plaintiff had requested declaratory relief were previously disposed of by the court on Defendants' summary judgment motion regarding Plaintiff's hernia only and patent application breach of contract claims. (ECF No. 252.) Therefore, the court also dismissed Plaintiff's declaratory judgment action. (ECF No. 412.)

## II. JURISDICTION

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) based on Plaintiff's allegations that the action is between citizens of different states and/or countries and the amount in controversy is in excess of $75,000.00, exclusive of interest and costs. (ECF No. 181 at 1 ¶ 1–2 ¶ 4 & 3 ¶ 11.) Specifically, Plaintiff alleges it is a South Carolina corporation with its

---

[2] Defendants refer to Plaintiff as "PMI" in their filings.

principal place of business in Anderson, South Carolina; Novus Scientific Pte. Ltd. is a Singaporean corporation with its principal place of business in Singapore; Novus Scientific, Inc. is a Delaware corporation with its principal place of business in San Diego, California; and Novus Scientific AB is a Swedish corporation with its principal place of business in Uppsala, Sweden. (*Id.*)  In this regard, the court is satisfied complete diversity exists between the parties and the amount in controversy is sufficient to confer jurisdiction on this court.

### III. LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248–49 (1986).  A genuine question of material fact exists where, after reviewing the record as a whole, the court finds a reasonable jury could return a verdict for the non-moving party. *Newport News Holdings Corp. v. Virtual City Vision*, 650 F.3d 423, 434 (4th Cir. 2011).

When ruling on a summary judgment motion, a court must view the evidence in the light most favorable to the non-moving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123–24 (4th Cir. 1990).  The non-moving party may not oppose a summary judgment motion with mere allegations or denial of the movant's pleading, but instead must "set forth specific facts" demonstrating a genuine issue for trial. Fed. R. Civ. P. 56(e); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Anderson*, 477 U.S. at 252; *Shealy v. Winston*, 929 F.2d 1009, 1012 (4th Cir. 1991).  All that is required to survive summary judgment is that "sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Anderson*, 477 U.S. at 249.  "Mere unsupported speculation

. . . is not enough to defeat a summary judgment motion." *Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995).

## IV. ANALYSIS

To establish a SCUTPA claim, a plaintiff must demonstrate that "(1) the defendant engaged in an unlawful trade practice, (2) that the plaintiff suffered actual, ascertainable damages as a result of the defendant's use of the unlawful trade practice, and (3) that the unlawful trade practice engaged in by the defendant had an adverse impact on the public interest." *Network Computing Servs. Corp. v. Cisco Sys., Inc.*, 152 F. App'x 317, 320 (4th Cir. 2005) (quoting *Havird Oil Co. v. Marathon Oil Co.*, 149 F.3d 283, 291 (4th Cir. 1998)). "Conduct that affects only the parties to the transaction provides no basis for a SCUTPA claim." *Morgan v. HSBC Bank USA, N.A.*, 6:13-cv-03593-JMC, 2015 WL 3888412, at *4 (D.S.C. June 24, 2015) (citation omitted).

"[A] plaintiff may only bring an action under the SCUTPA 'to recover actual damages.'" *First S. Bank v. Fifth Third Bank N.A.*, 631 F. App'x 121, 126 (4th Cir. 2015) (citing S.C. Code Ann. § 39-5-140; *Fields v. Yarborough Ford, Inc.*, 414 S.E.2d 164, 166–67 (S.C. 1992) (explaining that a plaintiff must prove it suffered "actual damages" to recover under the SCUTPA)). "'Actual damages are when the wrongful act has caused a loss or injury which can be assessed in money, the universal and cardinal principle being that the person injured shall receive compensation commensurate with his loss or injury, and no more.'" *Kapuschinsky v. United States*, 259 F. Supp. 1, 6 (D.S.C. 1966) (quoting *Hutchinson v. Town of Summerville*, 45 S.E. 8, 9 (S.C. 1903)).

Plaintiff argues Defendants have failed to put forth evidence of ascertainable damages resulting from any alleged unfair trade practice(s) by Plaintiff. (ECF No. 301 at 15.) At the hearing on this Motion, Defendants asserted they had actually "identified more than $6 million in damages arising out of [Plaintiff]'s unfair trade practices" based on the March 20, 2018 report by their

5

expert, Dr. Charles Alford. (ECF No. 381 at 54:4-7.)

Dr. Alford's report made the following conclusions as to damages suffered by Defendants:

> 60. In November 2014, LifeCell offered to purchase [Defendants] for $60 million plus 6% of net revenues from sales of the resorbable mesh product for a period of 10 years. The present litigation ended that possibility on June 2, 2015. If [Defendants] prevail[] in this action, and if at the time of the resolution of this case LifeCell (or its successor company Allergen) is still willing to purchase [Defendants] at $60 million, the damages to [Defendants] will be the use of the $60 million from June 2, 2015 to the September 12, 2018 trial date plus 6% of the sales that LifeCell (now Allergen) would have made minus operating profits (or plus operating losses) that [Defendants] will have incurred between June 2, 2015 and the trial date.

(ECF No. 346-14 at 14.) In a supplement to this report, Dr. Alford further opined, "Neither the summary spreadsheet . . . nor the various supply agreements, license agreements, and other agreements . . . provide sufficiently detailed information to allow a computation of the lost profits to [Defendants] which have resulted from [Plaintiff]'s sale of the subject technology." (ECF No. 346-17 at 1.)

Contrary to Defendants' assertions, Dr. Alford did not attribute the $60 million in damages he found Defendants suffered to any alleged unfair trade practice(s) by Plaintiff. (ECF No. 346-14 at 14.) Rather, Dr. Alford opined those damages were the result of a rescinded offer to purchase Defendants' businesses as a result of Plaintiff filing this action. (ECF No. 346-14 at 14.) Additionally, in the supplement to that report, Dr. Alford stated there was insufficient information "to allow a computation of the lost profits" to Defendants as a result of Plaintiff's alleged improper sale of the technology subject to the Agreement (ECF No. 346-17 at 1). Based on the foregoing, the court finds, as a matter of law, Defendants cannot sufficiently demonstrate that it has suffered actual, ascertainable damages as a result of Plaintiff's alleged use of an unlawful trade practice(s).[3]

---

[3] Because this failure to demonstrate actual damages is dispositive in the context of the elements of a SCUTPA claim, the court need not address the remaining elements of the cause of action.

Accordingly, Plaintiff is entitled to summary judgment on Defendants' claim alleging violation of the SCUTPA.

## V. CONCLUSION

Upon careful consideration of the entire record, as to Defendants' cause of action under the South Carolina Unfair Trade Practices Act, the court **GRANTS IN PART** Plaintiff's Motion for Summary Judgement (ECF No. 268).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

August 31, 2018
Columbia, South Carolina